Michael E. Piston
Lead Attorney for the Plaintiff (Motion to appear pro hac vice forthcoming)
Immigration Law Office of Los Angeles, P.C.
New York Office
38-08 Union St., Suite 9A
Flushing, NY 11354
(646) 876-3772
Fx: 206-770-6350

Elizabeth M. David-Dembrowsky BBO#692880
Local Counsel for the Plaintiff
34 Forest Road
Stoughton, MA 02072
(718)598-3483
elizabeth@goodcounselinc.org

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT STORER<br><br>         Plaintiff,<br><br>vs<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>         Defendant | Case No.:<br><br>COMPLAINT |

## DESCRIPTION OF ACTION

**1.** This Complaint is brought by plaintiff Scott Storer, against the defendant

United States Citizenship and Immigration Services (USCIS), to hold unlawful

and set aside the USCIS's nonsensical decision of October 12, 2021, denying

COMPLAINT - 1

his Form I-140, Petition for Immigrant Worker, upon behalf of Sujitra Pimpla, to be his Childcare Worker, supposedly because his failure to provide it with certain evidence "precludes a material line of inquiry", where the decision not only failed to specify what "line of inquiry" was purportedly precluded, but in fact Mr. Storer's answer was fully responsive to its request.

## 2. JURISDICTION

2. This being a civil action against the United States arising under 5 U.S.C. § 701 *et seq.*, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## DESCRIPTION OF PARTIES

3. The plaintiff, Scott Storer, is a resident of the State of Massachusetts.

4. The defendant, USCIS, is a federal agency which has been delegated by the Secretary of Homeland Security with the authority to adjudicate Forms I-140. It resides in the District of Columbia and Maryland.

## BRIEF STATEMENT OF RELEVANT FACTS

5. On August 6, 2021, Scott Storer filed a Form I-140 with the USCIS to classify Sujitra Pimpila as an "other worker" in accordance with 8 U.S.C. § 1153(b)(3)(A)(iii).

COMPLAINT - 2

11. This petition, if approved, would qualify Ms. Pimpila to immigrate to the United States to work for Mr. Storer as a Childcare worker.

12. This petition was supported by, among other things, the certification of the Secretary of Labor pursuant to 8 U.S.C. § 1182(a)(5)(A)(i) that:

> **(I)** there are not sufficient workers who are able, willing, qualified (or equally qualified in the case of an alien described in clause (ii)) and available at the time of application for a visa and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor, and
>
> **(II)** the employment of such alien will not adversely affect the wages and working conditions of workers in the United States similarly employed.

13. On August 19, 2021, the USCIS sent Mr. Storer a "Request for Evidence" (RFE) seeking evidence that Mr. Storer had the ability to pay Ms. Pimpila the wage offered to her in the I-140 and

> (E)vidence establishing whether a pre-existing business, family or economic relationship exists between the beneficiary and the petitioner or anyone in the household.
>
> This evidence includes: 1) a copy of any contracts between the petitioner and the beneficiary; 2) a copy of the recruitment report and the newspaper ad where the job announcement was placed; 3) how the beneficiary learned of the job; and 4) a signed statement from the petitioner listing his full name, Date of Birth, and whether the beneficiary and he or anyone in the household has any familial or business relationship at the time of filing.

COMPLAINT - 3

14. On September 30, 2021, Mr. Storer responded to this request with evidence of his ability to pay the offered wage as well as:

a. a copy of his contract with Ms. Pimpila;

b. a copy of the recruitment report and the newspaper ad where the job announcement was placed;

c. an explanation of how Ms. Pimpila learned of the job; and

d. a signed statement from Mr. Storer listing his full name, Date of Birth, and whether Ms. Pimpila and he or anyone in his household has any familial or business relationship at the time of filing.

15. Despite the fact that this was completely responsive to the USCIS's request down to the last detail, the agency nevertheless issued a decision on October 12, 2021, claiming, amazingly, that "(o)n September 30, 2021, the petitioner responded with evidence of his ability to pay the proffered wage. However, he did not submit the remaining requested evidence."

16. The decision went on to justify its denial on this non-existent ground because "the evidence requested was material to the adjudication of the Form I-140 and the petitioner's failure to submit requested evidence precludes a material line of inquiry, which shall be grounds for denying the petition."

17. Needless to say, the agency did not specify what "material line of inquiry" Mr. Storer's complete response to its request precluded.

COMPLAINT - 4

CAUSE OF ACTION

I. THE AGENCY'S DECISION WAS ARBITRARY AND CAPRICIOUS BECAUSE IT WAS PREMISED UPON AN OBVIOUS FALSEHOOD

18. An administrative decision premised upon an obvious falsehood is "arbitrary and capricious, in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)." *All. to Protect Nantucket Sound, Inc. v. United States Dep't of the Army*, 398 F.3d 105, 113 (1st Cir. 2005).

19. Inasmuch as the USCIS's decision was premised upon the obvious falsehood that Mr. Storer failed to respond to any portion of its request save that which pertained to his ability to pay the offered wage, it is arbitrary and capricious. WHEREFORE the USCIS's decision of October 12, 2021, denying Scott Storer's Form I-140, Petition for Immigrant Worker, upon behalf of Sujitra Pimpla, should be held unlawful and set aside pursuant to 5 U.S.C. § 706(2)(A).

II. THE DECISION WAS ARBITRARY AND CAPRICIOUS BECAUSE IT FAILED TO EXAMINE RELEVANT DATA AND ARTICULATE A SATISFACTORY EXPLANATION FOR ITS ACTIONS INCLUDING A RATIONAL CONNECTION BETWEEN THE FACTS FOUND AND THE CHOICES MADE.

20. "(T)he agency must examine the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins.*

COMPLAINT - 5

*Co.*, 463 U.S. 29, 43 (1983), quoting *Burlington Truck Lines, Inc.* v. *United States*, 371 U.S. 156, 168 (1962).

21. The agency's decision of October 21, 2021 did not examine the relevant data in that it did not examine the evidence which Mr. Storer submitted in response to its request for evidence beyond that which addressed his ability to pay the offered wage.

22. The agency's decision failed to articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made because it did not explain what "line of inquiry" Mr. Storer's response supposedly precluded, nor why that line was "material".

WHEREFORE the USCIS's decision of October 12, 2021, denying Scott Storer's Form I-140, Petition for Immigrant Worker, upon behalf of Sujitra Pimpla, should be held unlawful and set aside pursuant to 5 U.S.C. § 706(2)(A).

### COUNT III

III.  THE USCIS HAS UNLAWFULLY WITHHELD AND UNREASONABLY DELAYED THE PROPER ADJUDICATION OF SCOTT STORER'S PETITION BY UNLAWFULLY DENYING IT

23. 5 U.S.C. § 706 provides in relevant part that in actions under the Administrative Procedure Act "The reviewing court shall—

COMPLAINT - 6

(1) compel agency action unlawfully withheld or unreasonably delayed;".

24. By unlawfully denying Scott Storer's Form I-140, the USCIS has unreasonably delayed a lawful decision on his petition.

WHEREFORE when this Court holds unlawful and sets aside the USCIS's denial of Scott Storer's Form I-140, it should also order the agency to adjudicate it within fifteen (15) days of the order holding the denial of the same unlawful.

Respectfully submitted, November 1, 2021

/s/ *Michael E. Piston*

Michael E. Piston
Lead Attorney for the Plaintiff (Motion to appear pro hac vice forthcoming)
Immigration Law Office of Los Angeles, P.C.
New York Office
38-08 Union St., Suite 9A
Flushing, NY 11354
(646) 876-3772
Fx: 206-770-6350

/s/ *Elizabeth M. David-Dembrowsky*

Elizabeth M. David-Dembrowsky BBO#692880
Local Counsel for the Plaintiff
34 Forest Road
Stoughton, MA 02072
(718)598-3483
elizabeth@goodcounselinc.org

COMPLAINT - 7